Milord A. Keshishian, SBN 197835
milord@milordlaw.com
J. Nicolas Anwandter, SBN 294677
nico@milordlaw.com
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, California 90064
Tel: (310) 226-7878
Fax: (310) 226-7879

Attorneys for Plaintiffs
BURN FITNESS 2, LLC and
PHYSIQUE HEALTH CLUB, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BURN FITNESS 2, LLC, d/b/a BURN FITNESS, a California Limited Liability Company; and PHYSIQUE HEALTH CLUB, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BURN FITNESS HOLDINGS, LLC, a Michigan Limited Liability Company; and DOES 1-10<br><br>Defendants. | Case No.: 2:17-cv-2853<br><br>**COMPLAINT FOR:**<br><br>**1. Lanham Act § 43(a) Unfair Competition and Trademark Infringement;**<br>**2. Declaration of Ownership, Senior Use, and Unregistrable Trademark;**<br>**3. Trademark Infringement – California Common Law;**<br>**4. Violation of Federal Anticybersquatting Protection Act.**<br><br>**JURY TRIAL DEMANDED** |

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Plaintiffs Burn Fitness 2, LLC, d/b/a Burn Fitness ("BURN FITNESS") and Physique Health Club, LLC ("PHYSIQUE") (collectively "Plaintiffs") by and through their undersigned attorneys, sue Defendants, and allege:

**THE PARTIES**

1. Plaintiff BURN FITNESS is a California limited liability company having a place of business in Santa Monica, California. BURN FITNESS also conducts business under its "Burn Fitness" service mark and slogan. BURN FITNESS operates a gym located at 1233 Third Street Promenade, Santa Monica, CA 90401 under the "Burn Fitness" service mark and slogan.

2. Plaintiff PHYSIQUE is a California limited liability company having a place of business in Santa Monica, California. PHYSIQUE also conducts business under its "Burn Fitness" service mark and slogan, and PHYSIQUE owns and has operated the websites www.burnfitness.com and www.burnfit.com since 2006. The www.burnfitness.com website actively began marketing PHYSIQUE's services to the public in 2009.

3. Upon information and belief, Defendant BURN FITNESS HOLDINGS LLC ("Defendant") is a Michigan Limited Liability Company, having a principal place of business at 2576 S. Adams Rd., Rochester Hills, MI 48309. Defendant operates a website at www.burnfitnessclub.com. Upon information and belief, Defendant obtained the domain name www.burnfitnessclub.com in 2010, long after PHYSIQUE had already registered www.burnfitness.com and www.burnfit.com. Defendant's website did not begin actively marketing Defendant's services to the public until 2012.

4. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise of Does 1 through 10, inclusive, are presently unknown to Plaintiffs, and therefore, are being sued by such fictitious names, and Plaintiffs will seek leave to amend this Complaint to include their true names and

capacities when the same have been ascertained.

5. Plaintiffs are informed and believe, and on that basis allege, that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, member, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(b), and pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201(a) and 2202. The Court also has supplemental jurisdiction over state causes of action pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Defendants because they have purposely directed their activities to California and this District and purposely availed themselves of the benefits and protections of the laws of California, including this District. By applying for federal registration of their infringing trademark, Defendants declare using the mark in interstate commerce, and Defendants seek exclusive commercial rights, benefits, and protections in all 50 states. Defendant's application illustrates an intent to sell goods and services throughout the United States, including California and this District, and Defendants have directly expressed to Plaintiffs their intent to exploit their infringing trademark in California and this District. Further, Defendants knew or should have known that their conduct as alleged in this complaint would affect a California company. Specifically, Defendants received a cease and desist letter from California-based PHYSIQUE six months before they perpetrated their fraudulent filing for federal registration of the infringing trademark. Defendants also

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

registered the domain name www.burnfitnessclub.com with full knowledge that it would affect the California-based Plaintiffs.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) because Defendants conduct business in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

9. PHYSIQUE is a provider of fitness and health club services, including providing gymnasium space, equipment, and instruction for physical exercise and fitness.

10. Since at least as early as June 30, 2006, PHYSIQUE continuously used the term "Burn Fitness" in interstate commerce as an identifier of a variety of goods and services, including health club services, namely, providing instruction and equipment in the field of exercise; physical fitness consultation and instruction (the "BURN FITNESS MARK"). PHYSIQUE obtained the domain name www.burnfitness.com in 2006, and the website has displayed the BURN FITNESS MARK since then. Since 2009, the website has comprehensively promoted PHYSIQUE'S health club and fitness services using the BURN FITNESS MARK in interstate commerce.

11. The BURN FITNESS MARK has also continuously appeared in substantial advertising and promotion of health club and fitness goods and services, such that the mark is closely identified with PHYSIQUE'S health club and fitness goods and services and has gained valuable public recognition. Indeed, in 2008, the nationally distributed fitness magazine Shape identified PHYSIQUE'S "Burn Fitness" gym in Santa Monica as "the best gym… for personalized training." PHYSIQUE'S Santa Monica gym, operating under the BURN FITNESS MARK, has become a popular tourist attraction for fitness enthusiasts across the nation and beyond.

12. The BURN FITNESS MARK is inherently distinctive or has become distinctive through acquisition of secondary meaning. By virtue of its sales of high-quality health club and fitness related services bearing the BURN FITNESS MARK in

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

interstate commerce, PHYSIQUE developed significant goodwill in the BURN FITNESS MARK and a valuable reputation.

13. On or about February 27, 2006, PHYSIQUE filed a trademark application with the United States Patent and Trademark Office ("USPTO") for the BURN FITNESS MARK, which registered on March 31, 2009 as registration number 3,598,879.

14. In about 2010, PHYSIQUE formed and obtained a controlling interest in BURN FITNESS.

15. In or around early April 2015, Plaintiffs discovered that Defendant was using the BURN FITNESS MARK without authorization to promote its own health club and fitness goods and services. On or about April 8, 2015, Plaintiffs sent Defendant a cease and desist letter, identifying the registered BURN FITNESS MARK and alerting Defendant to its infringing use of the mark.

16. On or about April 27, 2015, Defendant rejected the cease and desist letter, adding that Defendant "has no plans to expand to California[.]"

17. Rather than cease its unauthorized use of the BURN FITNESS MARK, on October 2, 2015 Defendant filed an application, serial number 86/776,670, to register a mark consisting of the term "Burn Fitness" and flame logo (the "INFRINGING MARK") for use in connection with "personal fitness instruction and training services; providing fitness and exercise facilities; physical fitness instruction; physical fitness studio services, namely, providing group fitness classes, equipment and instruction" in International Class 41 based upon a first use and first use in commerce of November 24, 2010 (the "INVALID APPLICATION").

18. Defendant filed the INVALID APPLICATION only three days after the BURN FITNESS MARK'S registration was inadvertently cancelled because PHYSIQUE, due to a clerical error, did not timely file a Combined Declaration of Use & Incontestability under Lanham Act Sections 8 and 15.

19. Defendant's INVALID APPLICATION is based on the fraudulent declaration that:

> ***The signatory believes that to the best of the signatory's knowledge and belief, no other persons****, except, if applicable, concurrent users,* ***have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive****.* The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such ***willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom***, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.
>
> (Emphasis Added.)

20. As soon as Plaintiffs realized their failure to file the Section 8 renewal documents due to a clerical error, BURN FITNESS refiled an application on February 6, 2016, serial number 86/898,188, for the same BURN FITNESS MARK and the same goods and services PHYSIQUE had previously registered. At no time did Plaintiffs cease using the BURN FITNESS MARK for these goods and services. BURN FITNESS filed the new application five months before the July 12, 2016 publication of Defendant's INVALID APPLICATION.

21. Defendant's INFRINGING MARK so resembles and is substantially the same as the BURN FITNESS MARK as it has been used and currently is being used because it contains the exact terms of the "Burn Fitness" word mark, as to be likely to cause confusion, cause mistake, or deceive, in violation of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d) when used on or in connection with Defendant's goods and services.

22. Under the circumstances, registration of Defendant's INFRINGING MARK will injure Plaintiffs by causing the trade or purchasing public to be confused or deceived into believing that Defendant's goods and services are those of Plaintiffs or are sponsored by Plaintiffs, and will place a cloud over Plaintiff's right to the BURN FITNESS MARK, in violation of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

23. Accordingly, Defendant's bad faith claims of trademark ownership have created an actual, substantial and justiciable case or controversy between Plaintiffs and Defendant concerning Plaintiffs' right to use and register (as the senior user) the term "BURN FITNESS" to describe their fitness services. Furthermore, to the extent, if any, that apprehension of suit remains relevant to considerations of jurisdiction for declaratory judgment, Plaintiffs has a reasonable apprehension of imminent suit by Defendant.

24. Further, Defendant's April 27, 2015 representation that it had no plans to expand to California proved to be false after Defendant subsequently threatened Plaintiffs' plans to build new gyms in Culver City, CA and Hollywood, CA. Specifically, Defendant proposed in an October 18, 2016 letter that Plaintiffs not expand their use of the BURN FITNESS MARK beyond a 30-mile radius from their Santa Monica Gym. In February 2017, Defendant proposed an even narrower compromise that Plaintiffs not use the BURN FITNESS MARK in any location other than the original Santa Monica gym.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

**<u>First Cause of Action</u>**

**Lanham Act § 43(a) – Trademark Infringement & Unfair Competition**

25. Plaintiffs hereby reallege and incorporate the allegations in paragraphs 1 to 24 of the complaint as if fully set forth herein.

26. Defendants' advertising, distribution, offer for sale, and sale of goods and services using the INFRINGING MARK infringes Plaintiffs' senior, common law BURN FITNESS MARK. These acts of trademark infringement are continuing.

27. Defendants' use in commerce of the INFRINGING MARK is a false designation of origin and constitutes unfair competition and common law trademark infringement which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiffs.

28. On information and belief, Defendants have been unjustly enriched by these

acts of trademark infringement, false designation of origin, and unfair competition.

29. On information and belief, Defendants' acts of trademark infringement, false designation of origin, and unfair competition have been willful.

30. On information and belief, Defendants' acts of unfair competition, trademark infringement, false designation of origin of Plaintiffs' BURN FITNESS MARK has damaged and continues to damage Plaintiffs, causing irreparable harm for which there is no adequate remedy at law.

31. On information and belief, such unlawful acts and damage will continue to occur unless enjoined by this Court. Plaintiffs has no adequate remedy at law.

## Second Cause of Action

## Declaration of Ownership, Senior Use, and Unregistrable Trademark

32. Plaintiffs hereby reallege and incorporate the allegations in paragraphs 1 to 31 of the complaint as if fully set forth herein.

33. As alleged herein, Plaintiffs are the senior owners of the BURN FITNESS MARK in connection with health club and fitness goods and services. Defendants, by contrast, had not marketed, offered for sale, or sold any related goods or services under the INFRINGING MARK until at least four years after Plaintiffs' priority date. As such Plaintiffs are the senior users of the BURN FITNESS MARK for fitness services and have exclusive common law rights to the mark for such services.

34. Despite Plaintiffs' senior status, and despite Defendants' advance knowledge of Plaintiffs' senior status and continued use of the BURN FITNESS MARK, Defendants improperly applied with the USPTO to register the INFRINGING MARK based on the fraudulent declaration that Defendants knew no other owners of the mark.

35. Plaintiffs therefore seek a declaration and judicial determination that Plaintiffs are the exclusive owner of trademark rights to the BURN FITNESS trademarks for fitness and health club goods and services, that Defendants' trademark rights in the INFRINGING MARK are invalid, unenforceable, and – that by its senior status –

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

Plaintiffs' goods and services do not and cannot infringe Defendants' junior, nonexistent trademark rights.

36. Plaintiffs are entitled to a declaratory judgment that any use by Defendants of the INFRINGING MARK will inevitably cause confusion or mistake or deceive the consuming public into believing that there exists an affiliation, connection or association between Defendants and Plaintiffs as to the origin, sponsorship, or approval of Defendant's health club and fitness goods and services, and would constitute false designation of origin in violation of Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. §1125.

37. Plaintiffs are entitled to a declaratory judgment that any use by Defendants in California of Defendants' INFRINGING MARK will constitute unfair competition and infringement of Plaintiffs' rights in and to Plaintiffs' common law BURN FITNESS MARK, which will cause irreparable injury and other damage to Plaintiffs' business, reputation and good will in those trademarks.

38. Plaintiffs are entitled to a declaratory judgment that Defendants' registration of Defendants' INFRINGING MARK, or any derivative thereof, alone or in combination with other words, names, styles, titles or marks for use with health club and fitness goods and services, or similar goods or services, will cause irreparable injury and other damage to Plaintiffs' business, reputation and good will in Plaintiffs' federally registered or common law BURN FITNESS MARKS.

39. Plaintiffs are entitled to a declaratory judgment that Defendants are not entitled to registration of a trademark containing the phrase "Burn Fitness" or any derivative thereof, alone or in combination with other words, names, styles, titles or marks for use with health club and fitness goods and services, or similar goods or services.

40. Plaintiffs have no other existing, speedy, adequate, or proper remedy other than such a declaration and determination of the parties' rights as prayed for herein.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## Third Cause of Action

### Trademark Infringement – California Common Law

41. Plaintiffs hereby reallege and incorporate the allegations in paragraphs 1 to 40 of the complaint as if fully set forth herein.

42. Plaintiffs have senior rights in the BURN FITNESS MARK.

43. Defendants' advertising, marketing, promotions and sales of goods and services bearing the INFRINGING MARK creates a likelihood of false association between the goods and services marketed by Defendants and the goods and services marketed by Plaintiffs, such that the purchasing public is likely to be confused and believe that the products marketed by Defendants under the INFRINGING MARK are in some manner associated with, produced by or sponsored by Plaintiffs.

44. Defendants have intentionally engaged in the advertising, distribution in commerce, offering for sale and/or sale of goods and services bearing the INFRINGING MARK, without Plaintiffs' authorization or consent.

45. Upon information and belief, Defendants have knowingly and intentionally advertised, distributed in commerce, offered for sale and/or sold goods and services bearing the INFRINGING MARK in an intentional effort to gain competitive advantage, to intentionally deceive customers and the public that the source or sponsorship of products bearing the INFRINGING MARK, and to induce customers and the public to purchase products bearing the INFRINGING MARK on the mistaken belief that such products were associated with the business of Plaintiffs.

46. As a direct and proximate result of Defendants' conduct, Plaintiffs have incurred and continue to incur substantial damages in an amount that cannot be ascertained at this time.

47. As a direct and proximate cause of Defendants' willful and wanton actions and conduct of Defendants, Plaintiffs have been injured and will continue to suffer substantial injury to its business reputation unless Defendants are restrained by this Court from such further conduct.

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

48. Plaintiffs have no adequate remedy at law.

49. In doing the acts alleged herein, Defendants acted with oppression, fraud and malice, and/or in willful and conscious disregard of the rights of Plaintiffs, so as to entitle Plaintiffs to exemplary and punitive damages in an amount according to proof at trial.

**Fourth Cause of Action**

**Violation of the Federal Anticybersquatting Protection Act**

50. Plaintiffs hereby reallege and incorporate the allegations in paragraphs 1 to 49 of the complaint as if fully set forth herein.

51. Plaintiffs' common law BURN FITNESS MARKS are distinctive as that term is defined by 15 U.S.C. 1125.

52. Plaintiffs own the domain names www.burnfitness.com and www.burnfit.com, which include Plaintiffs' previously federally registered and common law BURN FITNESS MARKS.

53. After Plaintiffs registered their www.burnfitness.com and www.burnfit.com domain names, Defendant registered the domain name www.burnfitnessclub.com (the "INFRINGING DOMAIN"). The INFRINGING DOMAIN registered by Defendant incorporates Plaintiffs' previously federally registered and common law BURN FITNESS MARKS and merely adds the generic term "club." Therefore, Defendant's INFRINGING DOMAIN is identical and confusingly similar to Plaintiffs' previously federally registered and common law BURN FITNESS MARKS under 15 U.S.C. 1125(d)(1)(A)(ii)(1).

54. Defendant has registered and used the INFRINGING DOMAIN with a bad faith intent to profit from Plaintiffs' previously federally registered and common law BURN FITNESS MARKS.

55. Defendant's registration and use of the INFRINGING DOMAIN violates the Lanham Act's Anticybersquatting Consumer Protection Act, 15 U.S.C. 1125(d).

56. By virtue of these acts by Defendant, Plaintiffs have suffered, and will

continue to suffer, damages and irreparable harm unless Defendant is preliminarily and permanently enjoined by this Court from using its INFRINGING DOMAIN.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For preliminary and permanent injunctive relief where applicable and allowable by law preventing Defendants, its officers, directors, owners, agents, servants, employees, attorneys, representatives, successors and assigns, and all persons, firms or corporations acting in active concert or participation with them, from:

i. Any registration whatsoever (including use in or with websites or domain names) of the phrase "Burn Fitness" as a trademark, or any confusingly similar or colorable imitations thereof, in connection with health club and fitness goods and services;

ii. Performing any actions or using any trademarks, names, slogans, service marks, styles, titles, designs, domain names (including www.burnfitnessclub.com), or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that Plaintiffs and Defendants are one and the same; or that Plaintiffs are a sponsor of or affiliated with Defendants; or that Defendants are in some manner under the supervision or control of Plaintiffs; or that the Defendants' goods and services originate from or are approved by Plaintiffs; and

iii. Otherwise deceiving the public or engaging in unlawful conduct similar to the conduct complained of herein.

B. For an award of damages as provided by law as determined at trial, together with prejudgment and post-judgment interest;

C. For a declaration from this Court that Plaintiffs are the exclusive owners throughout the United States of the BURN FITNESS MARK, and any variations thereof,

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

in connection with health club and fitness goods and services;

D. For a declaration from this Court that any use by Defendants of the INFRINGING MARK, or any variations thereof, in connection with health club and fitness goods and services, is likely to cause confusion, to cause mistake and/or to deceive the purchasing public and would constitute infringement of Plaintiffs' BURN FITNESS MARK in violation of § 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. §1125;

E. For a declaration from this Court that any use by Defendants in California of the INFRINGING MARK, or any variations thereof, will constitute unfair competition and infringement of Plaintiffs' rights in and to Plaintiffs' common law BURN FITNESS MARKS, and will cause irreparable injury and other damage to Plaintiffs' business, reputation and good will in those trademarks;

F. For a declaration that Defendants' registration of Defendants' INFRINGING MARK, or any derivative thereof, alone or in combination with other words, names, styles, titles or marks in connection with health club and fitness goods and services, or similar goods or services will cause irreparable injury and other damage to Plaintiffs' business, reputation and good will in Plaintiffs' previously federally registered or common law BURN FITNESS MARKS;

G. For a declaration that Defendants are not entitled to registration of a trademark containing the phrase "Burn Fitness," or any derivative thereof, alone or in combination with other words, names, styles, titles or marks in connection with health club and fitness goods and services, or similar goods or services;

H. For a declaration that Defendants have no protectable rights in the phrase "Burn Fitness";

I. For costs of suit incurred, including, but not limited to reasonable attorneys' fees;

/ / /

/ / /

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

J. That this Court grant such other and further relief that it deems just and proper.

Dated: April 14, 2017

Respectfully submitted,

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
J. Nicolas Anwandter
Attorneys for Plaintiffs
BURN FITNESS 2, LLC
PHYSIQUE HEALTH CLUB, LLC

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

MILORD & ASSOCIATES, PC
10517 West Pico Boulevard
Los Angeles, CA 90064
(310) 226-7878

## DEMAND FOR JURY TRIAL

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated: April 14, 2017

**MILORD & ASSOCIATES, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
J. Nicolas Anwandter
Attorneys for Plaintiffs
BURN FITNESS 2, LLC
PHYSIQUE HEALTH CLUB, LLC